# Bruner's Appeal.

A lien creditor who may at law control the application of two funds, will not be suffered to use his legal advantage in a way to exclude the lien of another whose legal recourse is but to one of them; but this rule must not be so applied as to do injustice to the first lien creditor.

APPEAL from the decree of the District Court of *Lancaster* county.

The facts of this case are so fully stated by his honour who delivered the opinion of the court, as to render any other statement unnecessary.

*Stevens,* for the appellant, cited 1 *Story's Eq.* 651, 634; *Lloyd & Gould Rep.* 252.

*Jenkins, Jun.,* for the appellee, cited 4 *Johns. Chan.* 20; 1 *Story's Eq.* 633; 2 *Watts* 206, 232.

The opinion of the Court was delivered by

KENNEDY, J. — On the 14th of February 1842, Washington Righter obtained two judgments against Israel Cooper, one for $151.40 and the other for $65, in the District Court of Lancaster county, which became liens on the real estate then owned by him in said county, consisting of two separate and distinct parcels or lots of ground. On the third day afterwards, February 17th 1842, Cooper sold and conveyed by deed one of these parcels, a lot of ground situate in the town of Columbia, to Henry B. Eagle for the consideration of $300 paid to him, as appears by the deed. On the 19th of the same month, two days after the sale, Mayberry, Giller & Walker obtained a third judgment against Cooper for $264.75, which became a lien only on the parcel or lot of ground that still remained unsold by him. On the 25th of May, in the same year, the plaintiffs in this last judgment assigned it to Peter Haldeman. In the December following, Henry B. Eagle and wife sold and conveyed the lot purchased of Cooper to Abraham Bruner, who on the 7th day of June 1843 obtained an assignment from Righter of his two judgments against Cooper. Under this state of facts, Haldeman sued out an execution on the judgment assigned to him, by virtue whereof the *remaining parcel of* Cooper's estate, bound by it, was taken in execution, condemned to sale, and afterwards sold by the sheriff, under a writ of *venditioni exponas,* for the sum of $291, which he brought into court for distribution. Haldeman claimed to have this money applied first to the payment of his judgment, and accordingly obtained a rule of the court upon Bruner to show cause why it should not be so; and the court, after hearing the parties, conceiving that Haldeman was entitled to a preference in having the money appropriated to the payment of his judgment, made the rule absolute. From this decision of the District Court, Bruner has appealed to this court.

The District Court seems to have determined this case on the general principle, that if a party has a lien or an interest in two funds for a debt, and another party has a lien or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first

instance for satisfaction, if that course be necessary for the satisfaction of the claims of both parties. 1 *Story Eq. pl.* 633. This principle no doubt may be applied to a judgment creditor, who has a lien upon two funds, where another judgment creditor has only a lien upon one of them, against the same debtor, by compelling the former to proceed first against the fund which the latter cannot touch, or otherwise, if the fund which the latter has a lien on be taken by the former, by subrogating the latter to the right of the former under his judgment, so as to obtain satisfaction by issuing execution thereon. 1 *Story Eq. pl.* 634. But then, as Mr Justice Sergeant says in delivering the opinion of this court in *Ziegler* v. *Long,* (2 *Watts* 206), " this principle must be employed like all other rules of equity to the attainment of justice ; it is not to overthrow the equity of another person, and thus work injustice." This was said in reference to the case then before the court, supposing the facts of it to be the same as they are admitted and stated to be in the present case. It would be singularly strange, and indeed unjust and inequitable, if a prior purchaser of real estate for a valuable consideration should not have a preference in all cases to a subsequent lien or judgment creditor. His equity is prior in point of law, and as strong at least, if not stronger ; for he parted with his money upon the faith and credit alone of becoming the owner of the estate, and holding it as such ; whereas a judgment or general lien creditor was induced to become a creditor upon the personal responsibility of the debtor, where the debt was created without any stipulation for a lien of any kind on the debtor's estate as a security for the payment of it. But, besides having the prior equity, the purchaser has the legal title to the estate, acquired by him rightfully before the subsequent lien of the creditor attached upon the debtor's estate, and when the debtor, so far as such creditor had any right or claim to interpose, had a perfect right to sell and dispose of his estate for a fair price to whom he pleased. But the Judge of the District Court says, " Henry B. Eagle purchased the lot of Israel Cooper, subject to the lien of Righter's judgments." This is certainly true ; but then he further says, " The consideration was $300, and out of this he was entitled to retain the amount of the liens, being liable to Israel Cooper for the balance only ; and this he may be presumed to have done." Had such been the agreement between Eagle and Cooper that Eagle was to pay and satisfy the Righter judgments out of the $300 consideration for the lot, and to pay the difference only to Cooper, it would doubtless have been the duty of Eagle to have done so ; and he or his assignee Bruner, had the latter been advised of such agreement, would not have had even the shadow of a colour of claim to the money in court upon a judgment which he was bound, by the terms of his purchase of the estate, to have paid as part of the consideration thereof. But, without the least tittle of evidence tending to show

[Bruner's Appeal.]

that the amount of the Righter judgments was to be retained and paid by Eagle out of the $300 purchase money of the lot, and when, on the contrary, it appears from the deed of conveyance made by Cooper to Eagle for the lot, that the $300 were all paid to Cooper, it would seem to be unwarrantable to raise or make the presumption mentioned by his honour, the District Judge. It is also in direct opposition to what is laid down by Mr Justice SERGEANT in *Ziegler* v. *Long*, who there, in speaking of Ziegler, the purchaser of the estate, says.: " He stands before us in the light of a *bonâ fide* purchaser, and as such is entitled to protection. For, knowing that the first judgment was a prior lien on all the land of Martin Long, he had a right to conclude that Martin's other lands would pay Hoffman's judgment, and thus relieve his land from the existing lien." Bruner, therefore, as the assignee of Eagle, is entitled to hold the lot protected from all claim that may be set up, on the principle of substitution, by subsequent lien creditors; and as the assignee of the Righter judgments, which were the first liens on the property sold by the sheriff, from which the money in the court below was raised, must be first paid the amount of those two judgments out of it, after deducting the costs of the sale. This, it may be observed, is in conformity to the decision made by Lord Chancellor SUGDEN in the case of *Aocrall* v. *Wade*, (*Lloyd & Gould Rep.* 252). There, a party seised of several estates, and indebted by judgments, settled one of the estates for a valuable consideration with a covenant against encumbrances, and subsequently acknowledged other judgments; and it was held by his lordship that the prior judgments should be thrown together upon the unsettled estates, and that the subsequent judgment creditors had no right to make the settled estate contribute.

The decree of the District Court is therefore reversed, and it is ordered and decreed by this court that the amount of the Righter judgments be paid to Abraham Bruner, the *appellant, as the* assignee of said judgments, after deducting the costs of the sale; and that the surplus of the money, if there should be any, be paid to Peter Haldeman, as the assignee of the Mayberry, Giller and Walker judgment.

Decree reversed.